UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DANIEL SEBASTIAN VENEGAS-MURCIA,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; RODNEY S. SCOTT, Commissioner, United States Customs and Border Protection; GREGORY J. ARCHAMBEAULT, in his official capacity as Acting Field Office Director for San Diego, U.S. Immigration and Customs Enforcement; DOUG GLEN, Special Agent in Charge for San Diego, Homeland Security Investigations, U.S. Immigration and Customs Enforcement; WARDEN, in his official capacity as Warden of Imperial Regional Detention Facility; DOES 1 to 10,

Respondents.

Case No.: 3:26-cv-05804-LEK-JAC

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Before this Court is Petitioner Daniel Sebastian Venegas-Murcia's ("Petitioner") Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), filed on October 10, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Markwayne Mullin, Secretary, United States Department of Homeland Security ("DHS"); Rodney S. Scott, Commissioner, United States Customs and Border Protection ("CBP"); Gregory J. Archambeault, in his official capacity as Acting Field

Office Director for San Diego, U.S. Immigration and Customs Enforcement ("ICE"); Doug Glen, Special Agent in Charge for San Diego, Homeland Security Investigations, ICE; and Warden, in his official capacity as Warden of Imperial Regional Detention Facility ("Respondents"),[1] filed their Response to Petition ("Response") on October 21, 2026. [Dkt. no. 4.] Petitioner filed a reply to the Response ("Reply") on October 22, 2026. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a citizen and native of Colombia, entered the United States in 2022. When he entered the country, Petitioner was apprehended by ICE/CBP and detained for several days before being released on his own recognizance. See Petition at ¶ 41; see also Response, Exh. 1 (DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 8/8/26 ("Form I-213")) at 2 (describing Petitioner's 8/24/22 encounter with U.S. Border Patrol). Removal proceedings were initiated against Petitioner, and he was issued a Notice to Appear. See Response, Exh. 1 at 2.

Petitioner is married to a United States citizen, and he worked as an auto mechanic until the arrest that led to his current detention. See Petition at ¶ 44; see also Response, Exh. 1 (Form I-213) at 2 (noting Petitioner received employment authorization from U.S. Citizenship and Immigration Services ("USCIS")). Petitioner's removal proceedings are still pending. Cf. Petition at ¶ 224 ("Petitioner's removal proceedings may continue regardless of whether Petitioner is detained."). Petitioner has a Form I-130,

---

[1] The caption of the Petition lists both "WARDEN, in his official capacity as Warden of Imperial Regional Detention Facility" and "WARDEN OF IMPERIAL REGIONAL ADULT DETENTION FACILITY, in his/her capacity as warden of the IMPERIAL REGIONAL ADULT DETENTION FACILITY." [Petition at pg. 1.] This appears to be inadvertent because the section of the Petition identifying the parties only lists "the Warden of the IMPERIAL REGIONAL ADULT DETENTION FACILITY," in his official capacity. [Id. at ¶ 39.]

alien relative petition, pending with USCIS. Petitioner is scheduled to appear in immigration court on February 29, 2028. See Response, Exh. 1 (Form I-213) at 2.

According to Petitioner, he was arrested by local law enforcement in connection with a burglary charge, but the charges against him, which were filed in the Los Angeles Superior Court, were dismissed. See Petition at ¶ 41. Petitioner states "[h]e was arrested by ICE as he exited the local jail." [Id.] According to Respondents, Petitioner was arrested by the Roselle Park Police Department in New Jersey on August 7, 2026 for burglary, criminal trespass, and harassment, see Response, Exh. 1 (Form I-213) at 2, and the ICE Enforcement and Removal Operations ("ICE ERO") office in Newark, New Jersey arrested Petitioner on September 11, 2026, see id. at 3.[2]

It is unclear whether the Petition's references to the "burglary charge" that "was filed with the Los Angeles Superior Court," see, e.g., Petition at ¶¶ 2, 44, 136, actually refer to the New Jersey charges or whether they refer to separate charges. Cf. Response at 4 n.2 ("Respondents are unable to independently verify that Petitioner has a Los Angeles burglary charge."). In either instance, Respondents have not presented any evidence addressing Petitioner's assertion that the criminal charges against him were dismissed. See, e.g., Petition at ¶ 41. Respondents only present evidence suggesting that the criminal charges were still pending on August 8, 2026. See Response, Exh. 1 (Form I-213) at 2. This Court therefore accepts Petitioner's representation that the criminal charges against him were dismissed before he was taken into immigration custody.

---

[2] Both page 2 and page 3 of Exhibit 1 were written on the DHS Form I-831 Continuation Page form, and both pages are dated August 8, 2026. See dkt. no. 4-1 at PageID.91-92. Page 2 appears to have been written contemporaneously with the Form I-213 page, which is also dated August 8, 2026, see id. at PageID.90. In contrast, page 3 appears to have been written on a different date because it is titled, "ADDENDUM TO RECORD OF DEPORTABLE/EXCLUDABLE ALIEN," and it refers to events that purportedly occurred on September 11, 2026. See id. at PageID.92.

Petitioner states that he was arrested without an administrative arrest warrant. See Petition at ¶ 204. Further, he did not receive any notice prior to his arrest that DHS intended to incarcerate him, and he was not provided with a hearing to contest the necessity of detention. There was no decision by a neutral decisionmaker that Petitioner was a flight risk or a danger to the community, and that alternatives to detention were insufficient. See id. at ¶¶ 45-48. Petitioner is currently detained at the Imperial Regional Adult Detention Facility, which is located within this district. See id. at ¶¶ 32, 50.

Petitioner's primary argument is that his re-detention violates his due process rights. See id. at pgs. 61-73. Petitioner also argues that his warrantless arrest and detention were violations of Title 8 United States Code Sections 1226(a) and 1357(a)(2). [Id. at pgs. 53-60.] Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pgs. 74-76.

Respondents acknowledge that the Ninth Circuit Court of Appeals recently "held and clarified that unadmitted aliens present in the interior of the United States are subject to 8 U.S.C. § 1226 and not subject to 8 U.S.C. § 1225." See Response at 2; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Respondents therefore admit that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 2.] In addition, Respondents admit that "Petitioner also appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz[.]" Id. at 2 n.1; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1124 (C.D. Cal. 2025).[3] Respondents nevertheless urge this Court to deny the Petition as moot. They

[3] This Court notes that, on March 6, 2026, the Ninth Circuit administratively stayed the Maldonado Bautista decision "insofar as the district court's judgment extends beyond the Central District of California." Maldonado Bautista et al. v. U.S. Dep't of Homeland Sec. et al., No. 26-1044, Order, filed 3/6/26 (dkt. no. 5), at 1. Therefore, this Court resolves the instant Petition without reliance on Maldonado Bautista.

argue that there is no case or controversy for this Court to resolve because Petitioner had a bond hearing scheduled for October 21, 2026. See Response at 2-3; see also id., Exh. 2 (Immigration Court Notice of Custody Redetermination Hearing in Immigration Proceedings scheduled for 10/21/26). However, Respondents state that, as of the filing of the Response, they had not been informed of the outcome of the bond hearing. See Response at 2. They also argue that Petitioner should be required to exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals ("BIA") before this Court issues any relief. See id. at 3.

Finally, with respect to Petitioner's argument that he is entitled to immediate release because he was detained without a warrant, Respondents provide evidence that the Newark ICE ERO office obtained an immigration detainer against Petitioner on September 11, 2026, see Response, Exh. 1 (Form I-213) at 3, but Respondents acknowledge that they are unable to produce a Form I-200 administrative warrant to this Court, see Response at 3. Respondents urge this Court to deny the Petition or to stay the case until they have the opportunity to advise this Court of the outcome of Petitioner's bond hearing. See id. at 4.

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See

Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[4]

## DISCUSSION

### I. Mootness

First, this Court addresses Respondents' argument that this Court should deny the Petition as moot. See Response at 2-3. As to mootness,

> "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). . . .

Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (some alterations in Castaneda).[5] Although the bond hearing was scheduled for October 21, 2026, Respondents have not filed any document informing this Court about the outcome of the hearing. The existing record is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time.

Respondents had sufficient time to supplement the Response with evidence establishing the outcome of the October 21, 2026 hearing, but they failed to submit such evidence. Respondents' request for a stay, see Response at 4, is therefore denied. Further, Respondents' request to deny the Petition as moot is denied.

---

[4] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

[5] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

## II. Exhaustion

Respondents also argue the Petition should be denied because Petitioner has not exhausted his administrative remedies. See Response at 3-4.

> While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted). Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Id. at 1000 (internal quotations and citations omitted).

Miguel Pedro v. Mullin, Case No. 5:26-cv-04303-MBK, 2026 WL 2677303, at *4 (C.D. Cal. Sept. 11, 2026).

This Court concludes that, regardless of whether Petitioner's bond hearing was held as scheduled on October 21, 2026 and regardless of the outcome of the hearing, the administrative remedies related to that bond hearing are inadequate and futile. See Cardenas v. Giles, Case No. 8:26-CV-02322-ACCV, 2026 WL 2722730, at *2 (C.D. Cal. Sept. 14, 2026) (concluding that administrative remedies would be inadequate and futile because "a post-deprivation bond hearing would not address the propriety of [the petitioner's] claim that [she] was not afforded constitutionally adequate procedural safeguards prior to the deprivation of h[er] liberty interest." (some alterations in

Cardenas) (citation and internal quotation marks omitted)); Zhou v. Janec[k]a, Case No. 5:26-cv-04167-DTB, 2026 WL 2365550, at *4 n.4 (C.D. Cal. Aug. 14, 2026) ("Constitutional claims are generally excepted from the exhaustion requirement because neither immigration judges nor the BIA are permitted to consider constitutional challenges to the statutes they administer." (citing Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013))). Therefore, this Court waives any prudential exhaustion requirement as to Petitioner's due process claims and denies Respondents' request to deny the Petition for failure to exhaust administrative remedies.

## III. Due Process

There is no dispute that the discretionary detention procedures of Section 1226(a) govern Petitioner's detention. See Response at 2. Accordingly, this Court turns to Petitioner's argument that he is entitled to immediate release. While Respondents request that this Court decline to address, *inter alia*, Petitioner's due process arguments, see id. at 4 n.3, they do not substantively address Petitioner's due process arguments. This Court concludes that Respondents have waived any arguments going to the merits of Petitioner's due process challenges by failing to raise them in their Response. See Perez Lopez v. Casey, Case No. 26-cv-04949-RFL, 2026 WL 2741864, at *2 (S.D. Cal. Sept. 16, 2026).

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of

custody on bond.” Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). Courts have also found a protected liberty interest when an individual is released from immigration custody on his own recognizance. See, e.g., Buyucue Pena v. Chestnut, No. 1:26-cv-07889-TLN-CKD P, 2026 WL 3257880, at *2 (E.D. Cal. Oct. 29, 2026); Abrahamyan v. Santacruz, CASE NO. 5:26-CV-06029-CTS, 2026 WL 3153159, at *1 (C.D. Cal. Oct. 21, 2026); Aguilar-Gamez v. LaRose, Case No. 26cv5017 DMS (JAC), 2026 WL 3019454, at *2 (S.D. Cal. Oct. 7, 2026). “Although in some circumstances the initial decision to detain or release an individual may be within the government’s discretion, the government’s decision to release an individual from custody creates ‘an implicit promise,’ upon which that individual may rely, that their liberty ‘will be revoked only if they fail to live up to the . . . conditions of release.’” Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner’s Fifth Amendment due process rights when the respondents revoked the petitioner’s parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had “a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and

contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[6]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his release on his own recognizance was being revoked before he was summarily detained. See Petition at ¶¶ 44-45. Respondents emphasize Petitioner's criminal history and appear to argue his criminal history constitutes changed circumstances warranting Petitioner's detention. See Response at 3-4. However, as previously noted, Petitioner states that the criminal charges against him were dismissed. A pre-detention hearing would have given Petitioner a chance to avoid the loss of his liberty by establishing that the arrest did not warrant immigration detention. Providing Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[7]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 76. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

---

[6] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[7] In light of this Court's determination that Petitioner is entitled to immediate release on due process grounds, this Court need not address Petitioner's claim based on the warrantless arrest. See Petition at pgs. 53-60.

## CONCLUSION

For the foregoing reasons, Petitioner Daniel Sebastian Venegas-Murcia's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed October 10, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody **no later than twenty-four hours from the filing of this Order** under the same conditions that existed immediately prior to Petitioner's current immigration detention.

Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 17, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 3, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>DANIEL SEBASTIAN VENEGAS-MURCIA VS. MARKWAYNE MULLIN ET AL.</u>; CASE NO. 3:26-CV-05804-LEK-JAC; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**